**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ROBERT VASQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:23-cv-00116** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **MAIN LINE CONTRACTORS, LLC** | § | |
| | § | |
| **Defendant.** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff Robert Vasquez hereby files this, his Original Complaint, complaining of Defendant Main Line Contractors, LLC for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

## I.    PARTIES, VENUE AND JURISDICTION

1.    Plaintiff Robert Vasquez ("Plaintiff" or Vasquez") is currently a citizen and resident of Ennis, Texas.

2.    Defendant Main Line Contractors, LLC is a Texas limited liability company which may be served by delivering the summons and complaint to its registered agent for service Phillip Presley, 909 Walnut Dr., Palestine, Texas 75801.

3.    Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4.    Most of the acts alleged herein occurred in Anderson County, Texas.

5.    This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.

6.     Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.  Plaintiff requests that the Court exercise supplemental jurisdiction over his state law cause of action.

7.     All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

8.     A charge of employment discrimination (#450-2022-02591) on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

9.     A Notification of Right to Sue was received from the EEOC on or about February 13, 2023.

10.     This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

11.     Defendant is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

12.     Defendant has engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

13.     Defendant employs 15 or more employees and are "employers" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

### III.     FACTUAL BACKGROUND

14.     Plaintiff Vasquez was approached by Kurt Herrington towards the end of 2020 about a job opportunity.  Herrington told Vasquez that he was starting up a new powerline contract

company and he wanted Vasquez to run it. Herrington said he had no experience, but he knew that Vasquez did and wanted him to help with and run this new business.

15.     After many conversations and promises, Vasquez decided to quit his job at PEC and start work at Fusion Flow/Mainline. The promises included being president of company, part ownership of company with no investment other than experience, future bonuses and salary increases and company truck.

16.     Vasquez started work for Fusion Flow/Mainline in March of 2021. Over the next few months, the company started buying tools, truck and equipment.  Herrington brought some other investors in along the way, Quinten Rogers, Cody and Cory Rogers.  Vasquez hired two crews and started working in Oklahoma.

17.     On July 29, 2021, Vasquez tested positive for Covid 19.  On August 7, 2021, Vasquez was admitted to UT Health hospital in Athens Texas.  Vasquez spent the next 53 days in the hospital and was released on September 29, 2021.  He lost 47 lbs. and could barely walk and was on oxygen all the time.

18.     Vasquez received a call from Kurt Herrington saying that he was going to sell his interest in Fusion Flow/Mainline to Quinten Rogers and "his guys."  On the week of October 18, 2021, Vasquez received a call from Quinten Rogers saying he was terminated, and he no longer needed him and the company he owned was moving on without him.

## IV.     CAUSES OF ACTION

### A.     AMERICANS WITH DISABILITIES ACT

19.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20.     From the time of his diagnosis of long COVID, Vasquez has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §

12102(2).  More particularly, Vasquez has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by Defendants as having such an impairment.

21.     Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job for Defendants.

22.     Defendants terminated Plaintiff because of his actual or perceived disability in violation of the ADA.

23.     The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability within the meaning of the ADA.

24.     The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

25.     The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

## V.     DAMAGES

26.     As a direct and proximate result of Main Line's discrimination on the basis of disability and violation of the ADA, and/or Chapter 21 of the Texas Labor Code Plaintiff has suffered lost wages and benefits and lost employment opportunities.

27.     Defendant's denial of employment to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses for lost wages and benefits, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28.     Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his disability. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

29.     Plaintiff is entitled to recover his reasonable and necessary attorney's fees and court costs pursuant to 42 U.S.C. § 2000e, 29 U.S.C. §2617 and Chapter 38 of the Texas Civil Practice and Remedies Code

## VI.    JURY DEMAND

30.     Plaintiff requests trial by jury on all claims.

## VII.    PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a.     Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), in amount to be determined;

b.     Judgment against Defendant for Plaintiff's compensatory damages in an amount to be determined;

c.     Pre-judgment and post-judgment interest at the maximum amount allowed by law;

d.     Costs of suit, including attorney's fees;

e.     The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm P.C.
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF